(21 App. Div. 432.)

## PATTERSON v. HOCHSTER.

(Supreme Court, Appellate Division, First Department.   October 22, 1897.)

**1. PLEADING—AMENDMENT—JUDGMENTS—VACATION.**

Upon a trial the court denied an application for leave to amend the complaint, and dismissed it on the ground that it did not state facts sufficient to constitute a cause of action. This was done on the supposition that a new action could be brought, but in fact this was prevented by limitations. Upon a motion by plaintiff at special term to vacate the judgment, and for leave to amend the complaint, the foregoing facts were made to appear, and also that the defect in the complaint was due to a misunderstanding, and that the dismissal was the result of a misapprehension. *Held*, that the court properly granted the motion, under Code Civ. Proc. § 723, authorizing the court, on the trial or at any other stage of the action, before or after judgment, in furtherance of justice, to amend any pleading, etc., and section 724, authorizing it, on such terms as justice requires, at any time within one year after notice thereof, to relieve a party from a judgment, etc., taken against him through his mistake, etc.

**2. SAME—EFFECT OF APPEAL.**

The fact that plaintiff appealed from the judgment did not defeat his right to the relief asked on the motion.

Appeal from special term.

Action by Bridget Patterson, administratrix of the estate of Mary Flannery, deceased, against Albert Hochster. From an order denying plaintiff's motion to vacate a judgment, and for leave to amend the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Nelson Smith, for appellant.

Maurice Rapp, for respondent.

WILLIAMS, J.   The action was brought to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant.   At the trial the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action.   The court held the complaint defective.   Counsel for plaintiff then asked to be allowed to amend, and, if defendant's counsel desired, to arrest the trial and allow the case to go over the term.   The court denied this relief, suggesting that the plaintiff could bring a new action.   Thereupon the motion to dismiss was granted, and a judgment was subsequently entered upon such dismissal.   The court and plaintiff's counsel both supposed that another action could be brought, but, as a matter of fact, the statute of limitations prevented the bringing of a new action. Thereafter a motion was made at special term to vacate the judgment, and for leave to amend the complaint; and it was made to appear that the defect in the complaint was the result of a misunderstanding between the plaintiff's attorney, a young lawyer, and plaintiff's counsel, and that the disposition of the case at the trial was the result of a misapprehension as to the right of the plaintiff to bring a new action.   Upon these facts appearing, a clear case was made out for affording the plaintiff relief, so that she might have an opportunity to present her cause of action and have a trial of her case.   There

was no doubt of the power of the court to afford the relief asked for upon such terms as should be just, and such relief should have been granted. This power existed after as well as before judgment. Code Civ. Proc. §§ 723, 724. The relief asked upon this motion was not quite the same as that asked at the trial. The amendment would undoubtedly have been granted at the trial, or an opportunity given to move at special term, and the case would not have been disposed of finally at the trial term, if it had been supposed the statute of limitations prevented the bringing of a new action. New facts were presented upon this motion which did not appear at the trial. This motion was in no sense an appeal from, or attempt to review, the trial court. It was a new motion based upon new facts, and should have been considered, and its merits passed upon, notwithstanding the action of the trial court.

The appeal taken from the judgment by the plaintiff should not be held to defeat the relief asked for upon her motion. The motion was improperly denied, and the order appealed from should be reversed, with $10 costs and disbursements to appellant, and an order made vacating the judgment and granting leave to serve an amended complaint within 20 days after entry of the order and notice thereof to plaintiff, upon condition, however, that the plaintiff pay to the defendant the expenses of the entry of the judgment, the costs and disbursements of the trial, and $10 costs of the motion; costs of the appeal to be offset against the costs to be paid to defendant, so far as they go. All concur.