## KRALL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ACTION AGAINST CITY—NOTICE OF INTENTION—PLEADINGS. .

    Complaint for personal injuries against a city, not alleging the giving of notice of intention to commence such action, is properly dismissed, though the answer does not allege the nongiving of notice; Laws 1886, c. 572, providing that no such action against a city shall be maintained unless such notice shall have been filed with a proper law officer of the city.

2. STATUTE—REPEAL OF CITY CHARTER.

    Laws 1886, c. 572, providing that no action for personal injuries against a city of 50,000 or more inhabitants shall be maintained unless notice of intention shall have been filed with the corporation counsel or other proper law officer thereof, is not repealed by the charter of the city of New York, there being nothing therein inconsistent therewith.

Appeal from trial term, New York county.

Action by Caroline Krall against the city of New York. From a judgment dismissing the complaint on the pleadings, at a trial before a jury, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Scheuer, for appellant.

Theodore Connoly, for respondent.

INGRAHAM, J. The action was brought to recover for personal injuries against the city of New York. The complaint contained no allegation of the service of a notice of intention to commence such an action upon the counsel to the corporation, as provided for by chapter 572 of the Laws of 1886. The defendant answered, without alleging that such notice had not been served. The action was brought on for trial before a jury, and counsel for the defendant moved to dismiss the complaint on the pleadings, upon the ground that the plaintiff had not served the required notice of intention to sue, as provided for by the statute referred to; whereupon the court dismissed the complaint, and from a judgment entered upon such dismissal this appeal was brought.

Chapter 572 of the Laws of 1886 provides that:

"No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, * * * shall be maintained * * * unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

This is a general act, applying to all cities in this state having 50,000 inhabitants or over, and the service of the notice is a condition precedent to the maintenance of any action against such a city for personal injuries caused by the negligence of the city or any of its officers. It is not provided that the failure to file such notice shall be a defense to be interposed by the municipal corporation, but that no action shall be maintained until the notice pro-

vided for by the statute has been served; and it would follow that, before such an action could be commenced or maintained, such a notice must be served, and the fact that such a notice has been served must be alleged in the complaint and proved upon the trial. This has been the effect of the cases in which this provision, or one like it, has been discussed.

In Reining v. City of Buffalo, 102 N. Y. 311, 6 N. E. 792, in discussing the clause in the charter of the city of Buffalo (Laws 1886, c. 480) which provides (section 8) that "no action to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council," in the manner and form provided, the court say:

"The inquiry is whether this provision was intended to operate as a condition precedent to the commencement of an action, or simply to furnish a defense to the city in case of an omission to make such demand. We think the plain language of the statute excludes any doubt on the subject. * * * It is not, in such a case, necessary that the thing required should constitute one of the elements of a common-law action; for, if the legislature have made even a step in their remedy a condition of its prosecution, it is essential, not only that it should be taken, but that it should be affirmatively alleged and proved by the plaintiff. * * * Its performance cannot for any purpose be presumed, but must, to be availed of, be alleged and proved. The language is 'that no action' 'shall be brought' until, etc., and constitutes an express prohibition against the action, until performance of the condition. A noncompliance with this requirement can be raised by the defendant at any stage of the action when it is called upon to act in the case."

In Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80, in discussing the act now in question (chapter 572, Laws 1886), the court say:

"The section is imperative. The action cannot be maintained unless notice of the intention to commence it, and of the time and place of the injury, 'shall have been filed with the counsel to the corporation,' and a failure to file the notice furnishes a defense to the action. The filing of the notice is a condition precedent to the maintenance of the action."

In Foley v. City of New York, 1 App. Div. 586, 37 N. Y. Supp. 465, this statute was before this court, and it was expressly held that the fact of the filing must be alleged and proved in the complaint, or a cause of action is not alleged; and this principle was followed in White v. City of New York, 15 App. Div. 441, 44 N. Y. Supp. 455, where it is said:

"The filing of this notice has been held to be a condition precedent to the existence of the cause of action, and unless such a filing has been alleged the complaint is defective upon demurrer."

It follows that service of this notice was essential to the existence of the cause of action and to the maintenance of an action to recover for the injury, and a failure to allege the service of such a notice in the complaint rendered the complaint demurrable, and justified the court in dismissing it upon the pleadings.

The appellant alleges that this act was repealed by the charter of the city of New York. There is nothing in the charter, however, that is inconsistent with the continued application of this act of 1886 to the city of New York, and the act itself is not specifically repealed or mentioned. The act is general, relating to all cities

in the state; and while the charter is a special act, relating to the city of New York, and contains the provisions that especially apply to such city, no intention is expressed to repeal any general act relating to all the cities in the state which is not inconsistent with any special provision contained in the charter. Upon the creation of the new city of New York by the new charter, all general acts applicable to all the cities in the state became applicable to it, unless they were inconsistent with some special provision in the charter relating to the city of New York; and it has been expressly held by the court of appeals that a provision in a charter of a city for the presentation of claims to the common council of the city or the other city authorities is not inconsistent with the provisions of the act of 1886, as both provisions can stand together and have full operation. Curry v. City of Buffalo, supra.

We think, therefore, that the court below correctly dismissed the complaint, and the judgment appealed from is affirmed, with costs. All concur.