Busch Brewing Co., 41 App. Div. 204, 209, 58 N. Y. Supp. 812, 815: "We see no equities presented in the motion papers in favor of the insolvent mortgagor, or of its creditors, represented by the temporary receiver, which should enable him to arrest the equitable rights of the mortgagee." The plaintiff's mortgage was made June 1, 1893. It was given for one year. No interest has been paid since December 1, 1897. The unpaid interest at the time the order appealed from was granted amounted to $716.10, and unpaid taxes and assessments amounted at that time to upwards of $200. The plaintiff has been compelled to pay the taxes for the years 1893, 1894, 1895, 1896, and 1897, amounting to $4,696.05, so that his claim is already over $16,000. The receiver has only the sum of $4.54 on deposit, and no security whatever was given to the plaintiff upon the stay. Judgments amounting to $105,637.74 were recovered against the corporation prior to the receiver's appointment, in actions in which warrants of attachment were issued. The receiver was served with process in this action January 5, 1901. He appeared January 21st, and, after having obtained extensions, served his answer on February 20th, making denial upon information and belief, and obtained the stay on April 18th, when the cause was on the calendar in Queens county for trial. And nothing was presented to the court to indicate that the plaintiff's claim would not be prejudiced by the proposed stay, excepting the statement of a single affiant to the effect that the property covered by the plaintiff's mortgage "should be worth" at least $19,000. At the time the order was granted no appeal had been taken to the court of appeals in the Jenkins Case, and the plaintiff was not a party to that action. The plaintiff has offered his mortgage for sale at a discount to parties subsequently interested, but without avail. It surely cannot be regarded as just and equitable that the holder of a valid and prior lien of doubtful value should be deprived, without security, of the right to pursue lawful remedies designed for his protection, at the instance of a subsequent lienor, whose claim has been judicially determined to be void, in the mere hope that a higher court, to which no appeal has been taken, may validate the subsequent lien in an action with which the party restrained has no connection, and in which he has no interest. The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.

---

(63 App. Div. 374.)

### JOHNSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. CARRIERS—STREET RAILWAYS—INJURY TO PASSENGER—OVERCROWDING—EVIDENCE—PROXIMATE CAUSE.

    Plaintiff boarded a crowded street car, and before the end of his journey the car became so filled with passengers that he was forced to stand on the running board, holding onto one of the stanchions or upright parts of the car. It had been raining, and he held an umbrella in the hand by which he held to the stanchion; and, losing his hold while the car was going at a high rate of speed, he fell into the street and was in-

jured. He testified that the car was going in a rocking, jolting, or "wagging" motion, and that his hand "slipped from the uprights," but there was no evidence of what caused the slipping. There was no sudden or unexpected motion at the time either of the car or of the passengers. *Held,* that since the proximate cause of the injury was the slipping of his hand from the stanchion, which might have been caused by the fact that the same was wet, or because plaintiff was exhausted in his efforts to hold on, or by a combination of causes, there was no proof that the injury was due to the defendant's negligence, and hence plaintiff was not entitled to recover.

2. SAME—TRIAL—WITHDRAWAL OF JUROR—COMPLAINT—AMENDMENT.

In an action for injuries to a passenger on a street car, the plaintiff alleged that plaintiff was thrown from the running board by a sudden jerk, but did not allege that the car was overcrowded, or that plaintiff was compelled to ride on the running board. At the trial plaintiff testified that his hand slipped from the stanchion by which he held himself on the car, which caused the fall, whereupon plaintiff's counsel asked leave to amend the complaint to conform to the proof, and thereafter asked to withdraw a juror, so as to set up new matter as negligence, and recalled plaintiff on the motion, who testified to the same fact,—that the accident was caused by his hand slipping from the stanchion. *Held,* that a denial of the motion to withdraw a juror was proper, since the facts proved failed to establish the defendant's liability on any possible allegation of negligence which could have been made.

Appeal from trial term, Kings county.

Action by Louis Johnson against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint at the close of plaintiff's case, and from an order denying plaintiff's motion for a new trial, made on the minutes, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Charles C. Leeds, for appellant.
Percy S. Dudley, for respondent.

HIRSCHBERG, J: It may very well be that the plaintiff has a good cause of action against the defendant, but it is undoubted that he has failed to prove it. With his wife and some other companions he started from Maspeth, in Queens county, to return to his home, in Brooklyn, on September 16, 1894, by means of one of the defendant's open trolley cars. He waited for the third car, asking the conductors of the first two which passed whether there was room, and finally boarded the third one, on the assurance of the conductor that there was sitting room. He found none, however, and he was obliged to stand up between the seats. As the car stopped to take on more passengers it became so overcrowded that he was forced to the running board on the left-hand side of the car as it was going, where he stood with one foot on the running board and one on the bottom of the car, holding on to one of the uprights or stanchions by his left hand, in which he also held an umbrella. It was raining at the time, and the car was running very fast, with a rocking, jolting, or "wagging" motion. After holding on for half an hour his hand slipped upon the stanchion, and he fell to the ground, sustaining thereby the injuries of which he complains. The conditions under which he met with his accident are such as the greed and rapacity of transportation companies in many parts of the Greater

City of New York have combined with the submissiveness of the traveling public to make notoriously common, but he is not entitled to recover damages except upon proof that these conditions were the cause of his misfortune.   There was no guard rail on the side of the car where he was standing, but the proximate cause of the accident was the slipping of his hand from the stanchion.   He does not indicate in any way that this was due to the motion of the car.   In fact, he testified that the car was running at the time he slipped precisely as it had been running the entire time.   There was no sudden or unexpected motion at the time, either of the car or of the passengers, and, so far as his evidence is concerned, the cause of the slipping of his hand is left wholly to conjecture.   It may have been because the stanchion was wet, or because the car was running fast with a jolting motion, or because he was exhausted in his efforts to hold on, or it may have been from all these causes combined; but, aside from a statement of the fact that "it was raining, and my hand slipped from the uprights," his evidence furnishes no hint or clue to the reason.   The negligence alleged in the complaint is "that while the plaintiff was a passenger on said car   *   *   *   the servants of the defendant in charge of the same so carelessly, negligently, and unskillfully conducted themselves in the management of said car as to suddenly and without warning jerk and move said car forward with a sudden jerk and quick motion, thereby throwing the plaintiff with great violence from said car," etc.   The complaint contains no allegation that the car was overcrowded, or that the plaintiff because of that fact was compelled to ride upon the running board.   The sole allegation of negligence is the sudden jerk.

At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground, among others, that the reason why the plaintiff fell, "as he himself says, was that his hand slipped."   After argument the plaintiff's counsel asked leave to amend the complaint to make it conform to the facts proved.   A recess was then taken, and thereafter plaintiff's counsel applied for leave to withdraw a juror, so as to set up new matter of negligence.   The court then ruled that the motion to amend was not before it, but, on the motion for leave to withdraw a juror, recalled and examined the plaintiff, who testified as follows:

"At the time I fell, my hand slipped on the stanchion.   The car was moving fast at that time.   It was moving this way [illustrating], with a rocking motion.   I think it had been continued the whole way from Maspeth.   It was the same there as it was all the way down."

Thereupon the motion for leave to withdraw a juror was denied, and the motion to dismiss granted.   No error can be found in this. The nature of the new matter of negligence which the plaintiff desired to incorporate into his complaint was not disclosed.   The motion to amend the complaint to make it conform to the facts proved was unavailing, because the facts proved failed to establish the defendant's liability on any possible allegation of negligence.   It was not enough for the plaintiff to prove that the defendant was negligent.   The law required him to go further, and to prove that the negligence caused the accident.

The cases of Patterson v. Hochster, 21 App. Div. 432, 47 N. Y. Supp. 553, and Shanley v. Shanley, 22 App. Div. 375, 48 N. Y. Supp. 32, cited by the appellant, are not in point. The latter was an equity action, brought to compel specific performance, and the amendment suggested was strictly to conform the complaint to the proofs. In the former case the amendment, the nature of which is not disclosed, but which the court said "would undoubtedly have been granted at the trial," etc., was refused upon the supposition of the court, shared in by the plaintiff's counsel, that the cause of action was not then barred by the statute of limitations, and that a new action could be brought. While it is true in this case that a new action is barred by the statute of limitations, yet the amendment proposed at the trial was one which the court could not properly grant, as it disclosed no actionable negligence in any proposed substitution of new matter, while amending the complaint to conform to the proof would only have served to make the complaint demurrable. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur; GOODRICH, P. J., in result.