(99 App. Div. 128)

## BEDELL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. MUNICIPAL CORPORATIONS—ACTION FOR PERSONAL INJURIES—NOTICE—
AMENDMENT OF COMPLAINT.

Where the complaint, in an action for personal injuries against a city of 50,000 inhabitants or over, failed to allege the filing of the notice of the time and place of receiving the injury, and the intention to bring such action in the office of the corporation counsel, as required by Laws 1886, p. 801, § 572, but did allege that such notice was served on the city comptroller, plaintiff could not, without an amendment of the complaint, show that such notice was transmitted by the comptroller to the office of the corporation counsel and was acted on by him.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action for personal injuries by Elmer V. Bedell against the city of New York. From an order denying a motion to amend the complaint after dismissal at the Trial Term, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry A. Friedman, for appellant.
Theodore Connoly, for respondent.

PATTERSON, J. This is an action brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.

It is provided by statute (Laws 1886, p. 801, c. 572) that no action against the mayor, aldermen, and commonalty of any city of this state having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the neglect of such mayor, aldermen, and commonalty, shall be maintained unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued. The proper place for the filing of a notice under this statute, in an action intended to be brought in the city of New York, is the corporation counsel's office. There can be no doubt of that. Krall v. City of New York, 44 App. Div. 259, 60 N. Y. Supp. 661; Smith v. City of New York, 88 App. Div. 606, 85 N. Y. Supp. 150. The complaint in this action did not contain an allegation that the notice of intention was filed in the office of the corporation counsel, but it did allege that such a notice was served upon the comptroller of the city of New York. Issue was joined, and, the case coming on for trial, the complaint was dismissed for the want of this necessary allegation, but the entry of judgment was suspended in order to allow the plaintiff to make a motion at Special Term to amend the complaint by inserting the required allegation. That motion was made before

judgment was entered, and it was denied, and the plaintiff now appeals.

The situation of the case is almost identical with that appearing in Patterson v. Hochster, 21 App. Div. 432, 47 N. Y. Supp. 553, with the exception that there the motion to amend was made after judgment was entered, while here it was before. The only answer that seems to be made to the motion is that it is unnecessary to amend the complaint, because the plaintiff insists that the allegation of service of the notice of intention upon the comptroller was sufficient if he could prove in connection therewith that the notice was transmitted by the comptroller to the corporation counsel and acted upon by him, thus bringing the case within what was held in Missano v. Mayor, 160 N. Y. 123, 54 N. E. 744, and Sheehy v. Mayor, 160 N. Y. 139, 54 N. E. 749. But in order to introduce that proof the complaint would require an amendment.

We are of opinion that the motion should have been granted, and, under the authority of Patterson v. Hochster, supra, the amendment of the complaint should have been allowed. The judgment also should have been vacated. Under the circumstances, the court, in the exercise of its control over its own judgments (Hatch v. Central Nat. Bank, 78 N. Y. 487), should vacate this judgment in furtherance of justice. But the relief should not be granted without some indemnity to the defendant. The city has been put to the trouble and expense of a trial; the objection it took to the maintenance of the action under the allegations of the complaint appears to have been well taken. We think the same terms should be imposed here as were made the condition of the order of reversal in Patterson v. Hochster, namely, that the order appealed from should be reversed, with $10 costs and disbursements to the appellant, and an order should be made vacating the judgment and granting leave to serve an amended complaint within 20 days after the entry of the order and notice thereof, upon condition that the plaintiff pay to the defendant the expense of the entry of the judgment, the costs and disbursements of the trial, and $10 costs of the motion; costs and disbursements of the appeal to be set off against the costs to be paid to the defendant. All concur except VAN BRUNT, P. J., who dissents.