[No. 6023. Decided February 16, 1906.]

ALEXANDER SCHULZE *et al., Respondents,* v. OREGON
RAILROAD & NAVIGATION COMPANY *et al.,*
*Appellants.*[1]

APPEAL—PARTIES—RIGHT TO APPEAL. An order correcting a judgment by eliminating the names of certain parties inadvertently included, who were dismissed from the action before judgment, thereby making the judgment speak the truth, is not appealable by the other judgment debtors, as it does not affect their rights, the time for appealing from the original judgment having expired.

SAME—PARTIES AGGRIEVED. Where part of the defendants are dismissed from an action before judgment, and a judgment inadvertently entered against them is subsequently corrected by an order *nunc pro tunc* eliminating their names, they are not parties aggrieved by the modification, and cannot appeal therefrom.

Appeal from an order of the superior court for Spokane county, Poindexter, J., entered September 20, 1905, correct-

[1]Reported in 84 Pac. 587.

ing an error in a judgment upon motion of the judgment
creditors. Appeal dismissed.

*W. W. Cotton, Samuel R. Stern, James G. Wilson,
William T. Muir,* and *Veazie & Freeman,* for appellants, con-
tended, *inter alia,* that, the nonconformity of the judg-
ment with the verdict in this case was a mistake, neglect and
omission of the clerk, and was also an irregularity in obtain-
ing the judgment, and the judgment should, therefore, have
been vacated and modified on the motion of the defendants.
Bal. Code, § 5153; Laws 1903, p. 285; *Seattle etc. R. Co. v.
Johnson,* 7 Wash. 97, 34 Pac. 567; *State ex rel. Hennessy v.
Huston,* 32 Wash. 154, 72 Pac. 1015; *Hennessy v. Tacoma
Smelting etc. Co.,* 33 Wash. 423, 74 Pac. 584. An appeal
from an irregularly entered judgment will not lie until a
motion to vacate or modify has been presented to the lower
court and acted upon. *State ex rel. Hennessy v. Huston,
supra; Belles v. Carroll,* 6 Wash. 131, 32 Pac. 1060; *Pacific
Supply Co. v. Brand,* 7 Wash. 357, 35 Pac. 72; *Hennessy v.
Tacoma Smelting Co., supra; Walton v. Hartman,* 38 Wash.
34, 80 Pac. 196. An appeal will not lie by one party upon
a final judgment until a judgment is a finality as to all the
parties to it. Bal. Code, § 6504; *Johnson v. Lighthouse,*
8 Wash. 32, 35 Pac. 403; *Fairfield v. Binnian,* 13 Wash. 1,
42 Pac. 632; *Dwyer v. Schlumpf,* 6 Wash. 25, 32 Pac. 1005;
*Missouri Pac. R. Co. v. Scott,* 78 Texas 360, 14 S. W. 791;
*Whitaker v. Gee,* 61 Tex. 217; *Case v. Ingle,* 2 Ind. Ter.
309; *Maley v. Lake View etc. R. Co.,* 84 Ill. App. 55; *Kellar
v. Jordan,* 147 Ind. 113, 46 N. E. 343; *Billson v. Lardner,*
67 Minn. 35, 69 N. W. 477. By moving to amend the judg-
ment and entering a modification thereof, the respondents
estopped themselves from denying that the time of appeal
began to run from the date of the modification. *Herzog v.
Palatine Ins. Co.,* 36 Wash. 611, 79 Pac. 287. In this case
there is the right of contribution between the appellants, The
Oregon Railroad & Navigation Company and Burns Brothers,

a copartnership, and their substantial interest entitled them to move the court to take the proceeding to correct the judgment. 7 Am. & Eng. Ency. Law (2d ed.), 364, 365; 1 Jaggard, Torts, 215, 216. Where a judgment is modified the time for appeal begins to run from the date of the modification and not from the date of the original judgment. *State ex rel. Hennessy v. Huston,* and *Hennessy v. Tacoma Smelting Co., supra; Bixby v. Bent,* 59 Cal. 522; *Hayes v. Silver Creek etc. Water Co.,* 136 Cal. 238, 68 Pac. 704; *Johnson v. Foreman,* 24 Ind. App. 93; *Sass v. Hirshfeld,* 23 Tex. Civ. App. 1, 56 S. W. 602. The purported entry of the amendment of the judgment *nunc pro tunc* would not have the effect to limit the time to appeal from the judgment to ninety days from the 27th day of December, 1904, but the time for the appeal would begin to run from the actual date of the *nunc pro tunc* order, September 20, 1905. Black, Judgments (2d ed.), § 163; *Borer v. Chapman,* 119 U. S. 587, 7 Sup. Ct. 342, 30 L. Ed. 532; *Martin v. Smith,* 11 S. D. 437, 78 N. W. 1001; *Providence Rubber Co. v. Goodyear,* 6 Wall. 153, 18 L. Ed. 762; *Andrews v. Branch Bank,* 10 Ala. 375; *In re Fifteenth Ave. Extension,* 54 Cal. 179; *Noce v. Daveggio* (Cal.), 4 Pac. 495; *Coon v. Grand Lodge United Order,* 76 Cal. 354, 18 Pac. 384; *Globe Smelting etc. Co. v. Spann,* 6 Colo. App. 146, 40 Pac. 198; *Charles v. Fawley,* 71 Ohio St. 50, 72 N. E. 294.

*Munter & Jesseph,* for respondents.

Root, J.—This cause came on for trial before the judge and jury in the trial court, and resulted in a verdict for plaintiffs, against all the defendants excepting John Burns and James Burns, who were dismissed from the action before the verdict was returned. Judgment thereafter, to wit, on the 27th day of December, 1904, was entered against all of the defendants. Thereafter an appeal was taken from said judgment to this court, which appeal was dismissed, on the 28th day of April, 1905. On the 11th day of September, 1905,

the appellants Oregon Railroad & Navigation Company, John
Burns, James Burns, and Burns Brothers, a copartnership,
filed a motion in the superior court to vacate and modify the
judgment which had been entered on the 27th of December,
1904, basing their motion on several grounds. On the 13th
of September, 1905, the respondents filed a motion in the
superior court to amend, *nunc pro tunc,* the judgment en-
tered December 27, 1904, in such a manner as to eliminate
the names of James Burns and John Burns as judgment
debtors, and to show that the action had been dismissed as to
said James Burns and John Burns. The court denied the
motion of appellants, and granted that of respondents. There-
after appellants appealed from what they term the "judgment
rendered and entered on September 20, 1905, modifying said
judgment and order of December 27, 1904, and from said
judgment and order of December 27, 1904, as modified."
The Oregon Railroad & Navigation Company appeals in its
behalf. John Burns and James Burns join in a separate ap-
peal, and Burns Brothers, a copartnership, prosecutes still
another appeal.

The respondents move to dismiss all of these appeals. They
contend that the order of the court made September 20, 1905,
made no change whatever in the judgment of December 27,
1904, in so far as it affected the rights or interests of the
appellant the Oregon Railroad & Navigation Company, or
the appellant Burns Brothers, a copartnership. They con-
tend that said order of September, 1905, could not be appealed
from by James Burns and John Burns, for the reason that
it was an order in their favor and had the result of making
the judgment of December, 1904, one of dismissal as to them.
They urge that the appeals could in no wise be effective for
the purpose of reviewing the judgment of December, 1904,
inasmuch as the time for taking an appeal from said judgment
had expired long before these appeals were taken, and that
the appeals from the order made in September could not

authorize or justify a review in any manner of the judgment of December, 1904.

We think the contention of respondents must be sustained. The presence of the names of James and John Burns as judgment debtors in the judgment entered in December, 1904, was clearly the result of inadvertence. The only effect of the order of September, 1905, was to correct this mistake. The action which the court took in thus making the record speak the truth could in no wise injure the other appellants, or in any manner impair or affect their rights. The judgment as to them remained as entered in December, 1904. The time for appealing from that judgment had expired long before these appeals were taken. So far as James and John Burns are concerned, the order of September, 1905, had for its purpose the correction of the judgment entry of December, 1904, so that it would speak the truth and show that the action was dismissed as to them. Hence, they were not aggrieved by this order, and no relief could be accorded them upon appeal to this court.

The respondents' motions to dismiss the appeals herein are granted.

MOUNT, C. J., DUNBAR, CROW, HADLEY, and FULLERTON, JJ., concur.