(February 26, 1920.)

## LEE CHARLES MILLER, Respondent, v. FRANK N. PROUT and IDA N. PROUT, Appellants.

[187 Pac. 948.]

APPEAL—STATUTE OF LIMITATIONS—JUDGMENT—VACATION OF—CONCURRENT REMEDIES—STATUTORY CONSTRUCTION.

    1. C. S., sec. 6726, providing for relief from judgments taken through mistake, inadvertence, surprise or excusable neglect of a party, confers authority upon the district court to grant the relief therein contemplated if a proper application is made within six months after the adjournment of the term in which the judgment is entered.

2. A direct appeal from the judgment does not divest the trial court of jurisdiction to entertain a proper motion under C. S., sec. 6726, and to grant the relief therein authorized.

3. This statute provides an independent proceeding which exists concurrently with the right of appeal from the judgment.

4. An order made pursuant to such a proceeding does not operate to extend the time for appeal from the judgment.

5. A party desiring both forms of relief should appeal from the judgment and apply to the trial court for relief under this section notwithstanding such appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to adjudicate water right priorities. Judgment for plaintiff. *Appeal dismissed.*

Karl Paine, for Appellants.

"The time of amendment of a judgment, order or decree must be taken as the true date of rendition or entry, unless the amendment is in particulars not changing its character." (3 Corpus Juris, 1059; *Mann v. Haley,* 45 Cal. 63; *Bixby v. Bent,* 59 Cal. 522, 532; *Spencer v. Trout,* 133 Cal. 605, 65 Pac. 1083; *Hayes v. Silver Creek etc. Land etc. Co.,* 136 Cal. 238, 68 Pac. 704; *Hewey v. Andrews,* 82 Or. 448, 159 Pac. 1149, 161 Pac. 108.)

Hugh McElroy, for Respondent.

"Where, through mistake, there has been a failure to enter the judgment pronounced, the court has power to correct the matter and to order the proper entry made. Clerical mistakes can be corrected in this manner, but judicial errors can only be remedied by motion for a new trial or upon appeal." (23 Cyc. 866; *Egan v. Egan,* 90 Cal. 15, 27 Pac. 22; *Wyllie v. Kent,* 28 Ida. 16, 152 Pac. 194.)

BUDGE, J.—A motion has been made to dismiss this appeal on the ground that it was not taken in time. Judgment was entered July 17, 1917, decreeing certain priorities to respondent as against all of the defendants, and certain

priorities to the defendants Faull as against the remaining defendants, among them being these appellants. On April 15, 1918, on motion of appellants and other defendants, the court made an order purporting to vacate a portion of the original judgment by eliminating the priorities decreed to the defendants Faull, and leaving it in other respects in full force and effect. The motion pursuant to which the foregoing order was made was based upon the ground that the portion of the judgment in favor of the Faulls had been taken against the moving parties through their mistake, inadvertence, surprise or excusable neglect, and was supported by affidavits to the effect that an agreement had been entered into between all of the codefendants that they would litigate in the action the priorities only as between the various defendants on the one hand and the respondent on the other. The notice of appeal was filed July 9, 1918. The only point involved is whether the time within which appellants must appeal begins to run from the date of the rendition of the original judgment on July 17, 1917, or the date of the modification thereof on April 15, 1918.

C. S., sec. 6726, provides among other things that the court may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, providing the application be made within a reasonable time, not exceeding six months after the adjournment of the term.

While the remedy provided by this section differs in many respects from that provided by a motion for a new trial, there is a sufficient analogy between the two proceedings to warrant the citation of authorities upon one point, viz., an appeal from a judgment does not divest the jurisdiction of the trial court to pass upon or to grant a motion for a new trial, which operates to vacate the judgment. (1 Hayne, New Trial and Appeal, rev. ed., 15, sec. 2; *Naglee v. Spencer,* 60 Cal. 10; *Rayner v. Jones,* 90 Cal. 78, 27 Pac. 24; *Knowles v. Thompson,* 133 Cal. 245, 65 Pac. 468.) We see no reason why a similar construction should not be given to sec. 6726, *supra.* The trial court is given authority thereunder to proceed in

the manner therein defined and to grant the relief therein authorized, if the application is made within a reasonable time, not exceeding six months after the adjournment of the term in which the judgment is entered.

The proceeding under this statute is an independent proceeding and exists concurrently with the right of appeal from the judgment. Any order made pursuant to such a proceeding does not operate to extend the time for appeal from the judgment. The proper course is to appeal from the judgment if it is desired to have the judgment reviewed and to apply to the trial court for relief under this section, notwithstanding such appeal. (*Patterson v. Hochster,* 21 App. Div. 432, 47 N. Y. Supp. 553.)

If the trial court refuses to give him the relief, he may appeal from that order as one made after judgment, and he will have preserved a record upon which the question involved can intelligently be presented to this court. If, on the other hand, the trial court grants his motion, he is not aggrieved by that order and cannot appeal from it. (*Schulze v. Oregon-Washington R. & N. Co.,* 41 Wash. 614, 84 Pac. 587; *Chenoweth v. Chenoweth* (Ind. App.), 114 N. E. 988.)

This appeal not having been perfected within ninety days from the entry of the original judgment, conferred no jurisdiction upon this court. The appeal is dismissed. Costs are awarded to respondent.

Morgan, C, J., and Rice, J., concur.