357 P.2d 849

Fred L. PETTET, Appellee,

v.

S. E. REYNOLDS, State Engineer,
Appellant.

No. 6766.

Supreme Court of New Mexico.

Dec. 15, 1960.

Hilton A. Dickson, Jr., Atty. Gen.,
Charles D. Harris, Sp. Asst. Atty. Gen.,
for appellant.

Frazier & Cusack, Roswell, for appellee.

COMPTON, Chief Justice.

This is an appeal from a judgment of the District Court of Chaves County setting aside an order of the state engineer denying appellee's application for a permit to change point of diversion of surface water by drilling a well in order to supplement water formerly supplied by springs in Zuber Hollow Reservoir which had become depleted due to drilling of wells in the immediate area.

The Pecos Valley Artesian Conservancy District protested the application claiming that the water of the basin had been fully appropriated and that the granting of the application would be tantamount to a new appropriation. Further, that users of shallow ground water of the basin would be adversely affected by the granting of the application.

The cause was submitted on the merits; unfortunately, however, we will be unable to reach a decision on the merits since we

are faced with a jurisdictional question which disposes of the appeal.

The state engineer denied the application, and an appeal from his decision to the district court was timely taken. At the hearing before the district court, a decree was entered dismissing the protest of the Pecos Valley Artesian Conservancy District. The decree was entered August 20, 1959. At the time, the state engineer was represented by Charles D. Harris, special assistant attorney general, and the protestant was represented by its attorney, John F. Russell

Thereafter, on October 5, 1959, the protestant alone, pursuant to Rule 21–1–1(60) (b), 1953 Comp., moved to set aside the decree on the ground that it was entered by mistake, inadvertence, surprise or inexcusable neglect for the specific purpose of presenting the question whether the applicant had forfeited all or part of his water rights. At a hearing on the motion on December 18, 1959, the decree was set aside and a so-called new decree, with slight amendments, was entered on the same day. The protestant, apparently being satisfied, took no further action; however, the state engineer has appealed.

█ We conclude that the appeal was not timely, the same not having been taken within 30 days after August 20, 1959. While the state engineer took an appeal within 30 days after the entry of the amended decree, time to do so had then expired. He was bound by the previous decree. In this jurisdiction it is well established that a motion to vacate a judgment so that it may be amended does not vary the rule concerning the time for taking an appeal. King v. McElroy, 37 N.M. 238, 21 P.2d 80; Miller v. Prout, 32 Idaho 728, 187 P. 948. Further, in the recent case of Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882, we held that Rule (60) (b) was not intended to extend the time allowed for taking an appeal and that it could not be employed for that purpose.

█ It is perfectly obvious that the amended decree did not affect the state engineer. Actually, it was more favorable to him than the former one. The only difference between the August 20, 1959 decree and the December 18, 1959 decree is that in the latter the irrigated acreage was reduced from 390 to 284 acres, with a corresponding reduction of water appropriation from 1,170 to 852 acre feet per annum.

It is of interest to note that Miller v. Prout, supra, a case not unlike the present one, has been cited with approval by this court on at least two previous occasions. Public Service Company of New Mexico v. First Judicial District Court, 65 N.M. 185, 334 P.2d 713; Fairchild v. United Service Corporation, 52 N.M. 289, 197 P. 2d 875.

The appeal must be dismissed and it is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.