444 P.2d 288

Newcomb RICE, d/b/a Brush Ranch,
Plaintiff-Appellant,

v.

Dolores GONZALES, Defendant-Appellee.

No. 8249.

Supreme Court of New Mexico.

Aug. 12, 1968.

J. W. Gurley, Albuquerque, for appellant.

Jose E. Armijo, Las Vegas, Ruben Rodriguez, Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

On April 4, 1966, Newcomb Rice, doing business as Brush Ranch, filed a notice of appeal "from the Judgment of the District Court." A final judgment was entered February 2, 1966, which vacated a temporary restraining order and dismissed the action with prejudice. On March 4, 1966, Rice filed requested findings and conclusions and a motion to vacate the February 2, 1966 judgment.

The motion was grounded upon the assertion that the defendant's proposed findings and conclusions were filed on the day judgment was entered and that a copy thereof had not been served on plaintiff's counsel "as provided by the rules of the court." Rule 52(B) (a) (8) (§ 21–1–1(52) (B) (a) (8), N.M.S.A. 1953) provides:

"(8) The court shall allow counsel in the cause reasonable opportunity to submit requested findings of fact and conclusions of law; but prior to acting upon such requests, shall require satisfactory proof that a copy thereof has been served on opposing counsel."

It is obvious that the motion was made because the above rule was not followed. It asked that the judgment of February 2, 1966, and the decision of the court be set aside. It is equally apparent that plaintiff

sought to have the judgment vacated so the court could consider his proposed findings and conclusions and in order that the findings and judgment might be amended. See Rule 52(B) (b) (§ 21–1–1(52) (B) (b), N.M.S.A. 1953). We note, however, that the motion was not timely filed pursuant to Rule 52(B) (b).

On March 7, 1966, an order was entered vacating the judgment and the decision. Concurrently therewith documents entitled "Amended Decision" and "Amended Judgment" were filed. Both the so-called amended decision and amended judgment, however, were in the identical language of the original decision and judgment. No changes were made in either document. Under Supreme Court Rule 5 (§ 21–2–1(5), N.M.S.A. 1953) the appeal was too late if the time is to be computed from the date the judgment was originally entered (February 2, 1966), but was timely if the running of the time for appeal was terminated and commenced anew by the filing of the motion to set aside the judgment.

 . The question of whether this appeal was timely taken has not been raised by the parties. However, an appellate court has the duty to determine whether it has jurisdiction of an appeal, Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945, and it will examine the record and, if required, will sua sponte question its jurisdiction. Evans v. Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625.

We conclude that the time for taking an appeal commenced to run upon entry of the final judgment on February 2, 1966; that the running of the time for appeal was not terminated by the motion of March 4, 1966; that the notice of appeal in this case was not timely; and, that this court is without jurisdiction to hear this appeal. Pettet v. Reynolds, 68 N.M. 33, 357 P.2d 849, and Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882, are controlling and require dismissal of the appeal.

The pertinent portion of Supreme Court Rule 5, supra, provides:

"* * * If a timely motion is made pursuant to any of the District Court rules hereinafter enumerated, the running of the time for appeal is terminated and the full time for appeal fixed in this section commences to run and is to be computed from whichever of the following first occurs: (a) the expiration of 30 days after filing such motion or (b) the entry of any of the following orders made upon a timely motion under such rules; granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(c) to amend or make additional finding of fact, whether or not an alteration of judgment would be required if the motion is granted; *or granting or denying a motion for a new trial under Rule 59 or under Rule 21–9–1, N.M.S.A., 1953.*" [Emphasis added.]

██ If the motion of March 4, 1966 had for its purpose the amendment of findings or conclusions made by the court, it was, of course, a Rule 52(B) (b) motion and would not terminate the running of the time for appeal unless filed within ten days after the judgment. The motion in this case was not filed within ten days after judgment. If the purpose of the motion was only to permit the filing, prior to judgment, of requested findings in order to permit the plaintiff to attack the findings of the trial court on appeal, Edington v. Alba, 74 N.M. 263, 392 P.2d 675; Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790, the motion did not terminate the running of the time for appeal. See Supreme Court Rule 5, supra; National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956. Even if such a motion could be filed pursuant to § 21–9–1, N.M.S.A. 1953, it would avail the plaintiff nothing. To terminate the running of the time for appeal, the timely motion pursuant to either Rule 59 or § 21–9–1, supra, must be one seeking a new trial. Supreme Court Rule 5, supra. The record in this case clearly shows that this motion was not one seeking a new trial.

■■ The fact that the original judgment was vacated and a new one entered, under the facts here present, neither tolls the time for taking an appeal nor starts the time anew from the date of the new judgment. The general rule appears to be that when an amendment of the judgment does no more than restate what had been decided by the original judgment, so that there is no material change of substance, the time for review starts to run from the date of the original judgment. Annots., 97 L.Ed. 255, 258; 21 A.L.R.2d 285, 287. Pettet v. Reynolds, supra, commits us to that rule. In this case, the "Amended Judgment" was in the identical language of the original judgment; the time for appeal started to run from the entry of the original judgment.

Thus, the notice of appeal was not timely and this court is accordingly without jurisdiction to hear the appeal.

The appeal must be dismissed, and it is so ordered.

COMPTON and CARMODY, JJ., concur.