This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

   **v.**                          **No. 34,414**

**MIGUEL HOFFMAN,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Defendant Miguel Hoffman seeks to appeal from an amended judgment and sentence [RP 144, 152], after he pleaded no contest to kidnapping; criminal sexual penetration (commission of a felony); and aggravated battery against a household member (great bodily harm) [RP 123]. We issued a notice of proposed summary disposition in which we proposed to dismiss. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}     In our calendar notice, we proposed to dismiss based on an untimely notice of appeal. [*See generally* CN] *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction); *Rice v. Gonzales*, 1968-NMSC-125, ¶ 4, 79 N.M. 377, 444 P.2d 288 (stating that "an appellate court has the duty to determine whether it has jurisdiction of an appeal"). We stated that while we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party, *see Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369, no such circumstances appear to be present in this case. [CN 3] Additionally, relying on *State v. Peppers*, 1990-NMCA-057, 110 N.M. 393, 796 P.2d 614, we proposed to conclude that the conclusive presumption of ineffective assistance of counsel does not apply in this case, because it appeared that

Defendant entered into an unconditional repeat offender plea and disposition agreement. [CN 3-4; *see also* RP 123-30] *See id.* ¶¶ 20-21 (declining to extend the conclusive presumption of ineffectiveness of counsel to include appeals from pleas of guilty or no contest).

{3} In response, Defendant does not contest that he entered into an unconditional plea agreement; instead, he asserts that his plea and the untimely filing of his notice of appeal were due to ineffective assistance of counsel. [MIO 2, 5-7, 12-14] Defendant also points out that in *Peppers*, we held that ineffective assistance of counsel caused the untimely notice of appeal where the defendant was unrepresented and filed an untimely notice of appeal from a no contest plea. [MIO 12] *See Peppers*, 1990-NMCA-057, ¶¶ 1, 3, 21-22. Defendant asks this Court to extend the presumption of ineffective assistance of counsel to his untimely notice of appeal, claiming that the record in this case makes it clear that his trial counsel was ineffective. [MIO 12]

{4} We hold that the ineffective assistance of counsel in *Peppers* is not applicable to the current case. We observed in *Peppers* that defense counsel withdrew from representation the day after the motion to withdraw the plea, and the defendant told the district court that he wanted new counsel. *See id.* ¶ 3. The district court in *Peppers* failed to appoint new counsel "during a period of time that was critical with respect to assertion of his appellate rights." *Id.* ¶ 22. In the current case, Defendant had

3

counsel when he entered into his unconditional plea agreement, there is no indication that trial counsel withdrew from representing Defendant, and there is no indication that Defendant filed a motion to withdraw his plea agreement before his untimely notice of appeal. [MIO 6, 12] Therefore, the facts in this case are distinguishable from those in *Peppers*.

{5}　　　We acknowledge Defendant's argument that he entered into the plea agreement based upon alleged ineffective assistance of counsel and that he should be able to withdraw his plea at this time [MIO 2, 5-7, 12-14]; however, we are not persuaded. We suggest that if Defendant wishes to pursue his ineffective assistance of counsel claim, he may proceed with his petition for habeas corpus pursuant to Rule 5-802 NMRA, following final mandate from this Court. *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 (expressing a preference to habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel). The record reflects that Defendant filed a petition for writ of habeas corpus with the district court on February 4, 2015. [RP 170, 186, 187] The record further reflects that, on April 15, 2015, the "Public Defender Department" was ordered to represent Defendant in the habeas corpus proceeding. [RP 191; *see also* RP 189] According to Odyssey, on July 20, 2015, the district court

entered an order staying the habeas proceeding "until the final mandate from the Court of Appeals."

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{7}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**