This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETE'S TOP QUALITY LANDSCAPE LLC,**

Protestant-Appellant,

v.                                                                                    NO. A-1-CA-36821

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Respondent-Appellee,

**IN THE MATTER OF THE PROTEST OF PETE'S TOP QUALITY LANDSCAPE, LLC TO THE ASSESSMENT ISSUED UNDER LETTER ID NO. L0062305344.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Chris Romero, Hearing Officer**

Wayne G. Chew
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
David E. Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}    Protestant Pete's Top Quality Landscape, LLC appeals from the administrative hearing officer's decision and order denying his tax protest, entered and mailed on October 12, 2017. We issued a notice of proposed summary disposition in which we proposed to dismiss. Appellant filed a timely memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}    In our calendar notice, we proposed to dismiss based on an untimely notice of appeal. [*See generally* CN] *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that the time and place of filing a notice of appeal is a mandatory precondition to appellate jurisdiction); *Rice v. Gonzales*, 1968-NMSC-125, ¶ 4, 79 N.M. 377, 444 P.2d 288 (stating that "an appellate court has the duty to determine whether it has jurisdiction of an appeal"). We stated that while we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party, *see Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369, no such circumstances appear to be present in this case. [CN 4] We explained that, to be timely, the notice of appeal should have

been filed with this Court on or before Monday, November 13, 2017[1]; however, the notice was untimely filed on November 16, 2017. [CN 2] *See* NMSA 1978, § 7-1-25(A) (2015) (stating that appeals from the hearing officer's decision and order to this Court "shall be taken within thirty days of the date of mailing or delivery of the written decision and order of the hearing officer to the protestant, and, if not so taken, the decision and order are conclusive"); Rule 12-601(B) NMRA (requiring notice of appeal from orders of administrative agencies to be filed in this Court "within thirty (30) days from the date of the order, decision, or action appealed from"); *see also* Rule 12-601(A) ("To the extent of any conflict, this rule supersedes any statute providing for the time or other procedure for filing or perfecting an appeal with an appellate court."); Rule 12-308(A)(1)(c) NMRA (providing that when the applicable time deadline is eleven days or more, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

{3}     In response, Appellant argues that, even though the order at issue was entered on October 12, 2017, a certificate of service was not included with the order so the actual date of mailing is unknown; the earliest that it was received was Monday, October 16, 2017; and therefore, the notice of appeal was timely filed on November

---

[1] We note that the calendar notice stated Monday, November 11, 2017; however, it should have stated Monday, November 13, 2017.

16, 2017. [MIO 1] We are not persuaded. Contrary to Appellant's assertion, a certificate of service was attached to the order stating that the order was mailed to the parties on October 12, 2017. [2 RP 107] Moreover, pursuant to Rule 12-601(B), Appellant was required to file a notice of appeal in this Court "within thirty (30) days from the date of the order . . . appealed from." [*See also* 2 RP 106] The order was entered on October 12, 2017, so a timely notice of appeal was due on or before Monday, November 13, 2017.

{4}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{5}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

**STEPHEN G. FRENCH, Judge**


_____

**JENNIFER L. ATTREP, Judge**