This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40092**

**SHAWN VENEGAS, TERRI
SMITH, and MADISON SMITH,**

Plaintiffs-Appellants,

v.

**REDROCK FOODS LTD. CO.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Court Judge**

Shawn Venegas
Terri Smith
Madison Smith
Carlsbad, NM

Pro Se Appellants

Gallagher, Casados & Mann, P.C.
Nathan H. Mann
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Plaintiff Shawn Venegas appeals from a district court order dismissing his complaint. We issued a calendar notice proposing to dismiss based on an untimely notice of appeal. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865 ("Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo."); *Rice v. Gonzales*, 1968-NMSC-125, ¶ 4, 79

N.M. 377, 444 P.2d 288 (stating that "an appellate court has the duty to determine whether it has jurisdiction of an appeal"). Plaintiff has responded with a memorandum in opposition. Not persuaded, we dismiss the appeal.

{2}     The district court entered its final judgment on September 27, 2021. [RP 176] As a result, a notice of appeal should have been filed with the district court no later than October 26, 2021. *See* Rule 12-201(A)(1)(b) NMRA (stating that a notice of appeal shall be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"). Plaintiff's notice of appeal was filed on November 3, 2021, past the deadline for filing a timely notice of appeal. [RP 194]

{3}     The timely filing of a notice of appeal in the district court is a mandatory precondition to our jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing a notice of appeal is a mandatory precondition to appellate jurisdiction). While we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party—such as error on the part of the court—no such circumstances are present in this case. *See Trujillo v. Serr*ano, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369. Although Plaintiff's memorandum in opposition is focused on the issue of whether his docketing statement was timely filed, he does not point out any error in law or fact in our calendar notice with respect to the timeliness of the filing of the notice of appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (observing that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

{4}     For the reasons set forth above, we dismiss the appeal.

{5}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**