630 P.2d 267

Carrolyn L. GEDEON, now known as
Carrie L. Rose, Petitioner-Appellee,

v.

William J. GEDEON,
Respondent-Appellant.

No. 12937.

Supreme Court of New Mexico.

July 1, 1981.

Willard F. Kitts, Elizabeth E. Whitefield,
Albuquerque, for respondent-appellant.

Robert D. Levy, Albuquerque, for peti-
tioner-appellee.

## OPINION

EASLEY, Chief Justice.

The former Carrolyn L. Gedeon, now
known as Carrie Rose (Rose), sued to modi-
fy the child custody provisions of a Colorado
divorce decree. William J. Gedeon was sub-
sequently found in contempt of a Bernalillo
County court order placing custody of the
children in Rose. Gedeon appeals from sev-
eral court orders reducing contempt fines to
judgment, and from the denial of a motion
for relief from judgment under Rule 60(b),
N.M.R. Civ.P., N.M.S.A. 1978 (Repl.Pamp.
1980). We affirm.

The issues presented are: (1) whether the
fine imposed by the trial court for contempt
of court was excessive and unreasonable;
and (2) whether Gedeon was entitled to
relief under Rule 60(b).

The Colorado decree gave custody of a
daughter to Rose and custody of a son to
Gedeon. Rose brought suit in New Mexico
to obtain custody of both children, based
upon an alleged change of circumstances
involving newly discovered evidence of sex-
ual molestation of the children by Gedeon,
and other alleged misconduct. The trial
court issued a temporary restraining order
granting temporary custody of both chil-
dren to Rose.

The parties and their attorneys agreed on
a settlement of the dispute. A settlement
order was filed on December 13, 1978. The
settlement order was signed by the attor-
neys, but not by the parties.

Pursuant to the terms of the settlement
agreement, Rose returned the children to
Gedeon for visitation over the 1978 Christ-
mas holidays, but he failed to return the
children to her on the date stipulated. The
court issued an order to show cause why he
should not be held in contempt.

Gedeon did not personally appear at the
contempt hearing, but submitted his affida-
vit repudiating the agreement of the par-

ties entered December 13 on the ground that his attorney, David Kelsey, lacked authority to agree to that order. David Kelsey testified at length at the hearing, and his testimony was further corroborated by one of his law partners. Kelsey testified that Gedeon had agreed to the terms of the agreement and had authorized Kelsey to enter it on his behalf.

The trial court made findings of fact that David Kelsey had full authority to act for Gedeon in the matter; that Gedeon was present and participated in the negotiations which resulted in the stipulated order; that Gedeon had agreed to the material provisions of the order; and that Kelsey had the express and implied authorization of Gedeon to approve entry of the stipulated order. The court found Gedeon in contempt of the December 13 order and imposed a fine of $500 for each day until such time as he complied with the order by returning the children to their mother. Additionally, the contempt order provided that if Gedeon purged himself of contempt by returning both children, he could thereafter apply for a substantial reduction of any fines incurred.

Gedeon did not appeal from the contempt order, nor did he comply with its mandate. In May, 1979, he returned the daughter to Rose, but it appears from the record that he has never returned the son. Thus, since the January, 1979 contempt order, contempt fines have been accruing at the rate of $500 per day. From time to time the trial court has entered an order reducing portions of the accrued fines to judgment. These orders have provided that the largest portion of the contempt fines are subject to review, if and when Gedeon purges himself of contempt. Gedeon has appealed from several of these orders. The amount in controversy on this appeal, which has been reduced to final, non-reviewable judgment, is approximately $23,000.

In October, 1979, Gedeon filed a motion for relief from the contempt order and the stipulated order of December 13, 1978, under Rule 60(b). Gedeon alleged that these orders were void on the ground of mistake.

Gedeon again asserted that no agreement had been reached between the parties during their negotiations and that his attorney, David Kelsey, lacked authority to enter the stipulated order on his behalf.

Gedeon also requested that the court allow his deposition to be taken in Colorado, since he might be arrested on an outstanding bench warrant, issued for his contempt of court, if he entered New Mexico to appear personally. The trial court denied this request but issued an order allowing him to appear without first purging himself of contempt. The order also provided that if he elected not to appear, then he should submit affidavits of potential witnesses as to what they know and can testify to concerning the authority of David Kelsey.

Gedeon elected not to appear personally and, instead, submitted the affidavits of his current wife and his Colorado attorney. The trial court found these affidavits inadequate to warrant a rehearing, and the Rule 60(b) motion was denied. Gedeon also appeals this order denying his Rule 60(b) motion.

·1. *Whether the Contempt Fines Are Excessive.*

The fines imposed upon Gedeon were clearly intended to be coercive in nature. The fines were to cease upon compliance with the court's order. Furthermore, the total amount of fines imposed was subject to review and adjustment by the court if and when Gedeon purged himself of contempt. The contempt order was therefore in the nature of civil contempt. *See International Min. & C. Corp. v. Local 177, U.S. & A.P.W.*, 74 N.M. 195, 392 P.2d 343 (1964); *State v. Greenwood*, 63 N.M. 156, 315 P.2d 223 (1957); *Jencks v. Goforth*, 57 N.M. 627, 261 P.2d 655 (1953).

It has been stated that in civil contempt proceedings a court should never exercise more than "the least possible power adequate to the end proposed," in order to protect against the possibility of "an intemperate sentence on the part of a judge, momentarily outraged by the conduct of a

contemnor." *Jencks v. Goforth, supra* at 638, 261 P.2d at 662. The amount of the penalty for contempt rests within the discretion of the trial judge, absent an abuse of that discretion. *See State v. Our Chapel of Memories of New Mexico, Inc.,* 74 N.M. 201, 392 P.2d 347 (1964).

We find no abuse of discretion here. The gravity of the offense was serious, and the trial court may have felt a certain urgency in recovering the children from Gedeon, since he was being accused in this proceeding of sexual molestation of the children and other acts of misconduct towards them. The record shows that Gedeon was employed as an airline pilot with substantial income. Under these circumstances, we cannot say that the court abused its discretion in imposing a stiff penalty for continued non-compliance.

Though Gedeon contends the fines are excessive, they certainly do not exceed that "adequate to the end proposed." Indeed, the fines in this case have been inadequate for the end proposed. There is some irony in Gedeon's argument, considering that despite the heavy penalties, he continues to flaunt the authority of the court. As this Court stated in *State v. Our Chapel of Memories of New Mexico, Inc., supra* at 204, 392 P.2d at 349:

> The orderly process of law demands that respect and compliance be given to orders issued by courts possessed of jurisdiction of the persons and of the subject matter and one who defies the order of a court having jurisdiction does so at his peril.

The trial court is accorded a large discretion in the matter of imposing penalties for contempt. *See id.* We find no abuse of that discretion here.

2. *Denial of Rule 60(b) Motion.*

■ It is well established that a motion for relief from a judgment or order under Rule 60(b) is not intended to extend the time for taking an appeal and cannot be used as a substitute for an appeal. *Barker v. Barker,* 93 N.M. 198, 598 P.2d 1158 (1979); *Pettet v. Reynolds,* 68 N.M. 33, 357

P.2d 849 (1960). The grant or denial of the motion is discretionary with the trial court. *Perez v. Perez,* 75 N.M. 656, 409 P.2d 804 (1966).

■ In this case, Gedeon never appealed from the stipulated order granting custody to his former wife, or from the order finding that the stipulated order was entered with his consent and on his behalf, or from the order finding him in contempt of court. Despite the heavy fines imposed, Gedeon simply ignored the court and refused, and continues to refuse to comply with the court orders. Now, long after the time for appeal from those orders has passed, Gedeon brings a 60(b) motion challenging those orders. He raises nothing new, but merely reasserts a contention which was previously found against him by the court and from which he did not appeal. His 60(b) motion is nothing more than an attempt to appeal from rulings for which the time for appeal has long since passed. He shall not be heard to complain now of rulings which he found it convenient for so long to simply ignore.

Affirmed.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.