John M. OPIE, Daryl E. Carroll, Nathan Hazzard, Jr., Dorsey G. Hudson, and Owen Kerry Weigner, Plaintiffs-Appellants,

v.

DENVER CLASSROOM TEACHERS ASSOCIATION, and Board of Education of the School District No. 1, City and County of Denver, Colorado, Defendants-Appellees.

No. 83CA0873.

Colorado Court of Appeals, Div. I.

Feb. 7, 1985.

National Right to Work Legal Defense Foundation, Inc., Joseph J. Hahn, Springfield, Jay S. Horowitz, P.C., Jay Horowitz, Gregory D. Schetina, Davis, Graham & Stubbs, Robert L. Morris, Denver, for plaintiffs-appellants.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for defendant-appellee Denver Classroom Teachers Association.

Semple and Jackson, Martin Semple, Denver, for defendant-appellee Board of Education.

SMITH, Judge.

Plaintiffs, employees of the defendant Board, brought suit against the Denver

Classroom Teachers Association (DCTA) and the Board seeking a declaratory judgment relative to, and injunctive relief from, a portion of a collective bargaining agreement providing for automatic deduction of union dues from employees' paychecks. The trial court dismissed the complaint. We affirm.

We accept as true the allegations of the complaint. Among these are the following: That the DCTA is the exclusive bargaining representative of all teachers and social workers employed by the Board; that plaintiffs are not members of the DCTA or any other union; and that Article 31–3 of the 1982–85 collective bargaining agreement provides for the automatic deduction of union dues from the salary of all employees, including non-DCTA members, unless a non-union employee executes a revocation form at a site designated by the DCTA.

Plaintiffs' complaint argues that Article 31–3 violates their statutory and contractual right to compensation by reducing the salary they receive and constitutes a taking without due process in violation of the Colorado and U.S. Constitutions. The complaint further asserts that the "opt-out" provision is a violation of plaintiffs' freedom of association and expression. It is undisputed that all the plaintiffs exercised the opt-out provision and therefore have received their full salaries.

The trial court dismissed the complaint on the grounds that plaintiffs, having suffered no loss of income or other injury as a result of the deduction provision, lacked standing as to their claims relating to diminishment of their compensation as a due process violation. The court further found that plaintiffs failed to state a claim upon which relief could be granted as to any violation of their right of free association or expression and on that basis dismissed those claims.

## I.

On appeal, plaintiffs first contend that the possibility that intentionally or through inadvertence they may fail to execute the revocation provisions in the future is sufficient to confer standing upon them to assert claims arising from their statutory and contractual right to compensation. We disagree.

 The determination of standing requires application of a two part test: (1) Whether the plaintiffs have suffered actual injury from the challenged governmental action; and (2) whether the injury is to a legally protected interest. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). In determining whether standing has been established, all averments of material facts in a complaint must be accepted as true. *State Board for Community Colleges & Occupational Education v. Olson*, 687 P.2d 429 (Colo.1984). If from the allegations of the complaint it is speculative whether the harm complained of will result from the challenged governmental action, the complaint fails to satisfy the injury in fact requirement. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *see State Board for Community Colleges and Occupational Education v. Olson, supra.*

 Here, it is undisputed that none of the plaintiffs have suffered any loss of income from the withholding provision of Article 31–3. Moreover, it is evident from the allegations of the complaint that plaintiffs can avoid any such loss of income in the future by exercising the opt-out procedure. Under these circumstances, the injury in fact requirement has not been met as to plaintiffs' claim of income loss. Their allegations in this regard being insufficient, we conclude that the trial court did not err in dismissing this claim.

## II.

Plaintiffs next contend that the exercise of the requirement that they follow the revocation procedure in order to avoid payment of the DCTA dues requires that they disclose their ideological preferences and is thus violative of their freedom of association and expression. Again, we disagree.

■ The complaint alleges only that plaintiffs must appear in person at a site designated by the DCTA in order to declare their status and their desire to take advantage of the opt-out provision. There is no allegation that plaintiffs must reveal any political or ideological affiliation or associational tie other than non-membership in the DCTA, nor that those exercising the opt-out provision are subject to harassment or reprisals. The failure of plaintiffs to allege the manner in which their associational rights are impaired by the opt-out provision of Article 31–3 distinguishes this case from *N.A.A.C.P. v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958) (compelled disclosure of membership lists) and its progeny. *See Voss v. United States,* 573 F.Supp. 957 (D.Colo.1983). Plaintiffs' allegations are thus insufficient to state a *prima facie* claim of a violation of their right of free association and expression, and dismissal of this claim was therefore proper.

Judgment affirmed.

PIERCE, J., concurs.

STERNBERG, J., concurs in part and dissents in part.

STERNBERG, Judge, concurs in part and dissents in part.

I agree with part two of the majority opinion holding that the plaintiffs failed to state a claim for relief in their allegation that requiring them to follow the revocation procedure to avoid payment of dues violates their rights to freedom of association and expression. However, I disagree with part one of the majority opinion, and therefore dissent to that portion of the opinion.

I would hold that the plaintiff's did have standing under the Uniform Declaratory Judgment Act to seek relief for the possibility that their compensation will be diminished without due process of law. In *CF & I Steel Corp. v. Colorado Air Pollution Control Commission,* 199 Colo. 270, 610 P.2d 85 (1980), it was held that this court's restrictive view of the right to bring a declaratory judgment action was in error. Under the rule of that case, I believe that plaintiffs have standing to seek relief in the nature of a declaratory judgment on this claim. *See also State Board for Community Colleges & Occupational Education v. Olson,* 687 P.2d 429 (Colo.1984).

As to this claim, the plaintiffs, in my view, have met the standing requirements of *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). In *Dodge v. Department of Social Services,* 198 Colo. 379, 600 P.2d 70 (1979), the court held that although there is no direct economic injury in fact, the plaintiff's had standing because of their interest in ensuring that the organization of government conforms to the constitution of the state and they claimed a violation of the Civil Service Amendment and thus a taxpayer was found to have alleged an "injury in fact" in attacking wrongful expenditures of public funds. Here too the plaintiffs have standing to allege that the potential reduction in their salaries is violative of § 22–63–105, C.R.S., authorizing school boards to adopt salary schedules. *See also Cloverleaf Kennal Club Inc., v. Colorado Racing Commission,* 620 P.2d 1051 (Colo.1980) ("the injury in fact conferring standing may not only be intangible, ... 'but may exist *solely* by virtue of statutes creating legal rights the invasion of which creates standing.' ").

For these reasons I would reverse, in part, the judgment of the trial court and would permit the plaintiffs to proceed on their claims alleging diminished compensation in violation of statutory requirements.