879 P.2d 802

**Janice E. ENGLISH, Petitioner–Appellant,**

**v.**

**Lloyd Micheal ENGLISH, Respondent–Appellee.**

**No. 14696.**

Court of Appeals of New Mexico.

June 30, 1994.

Certiorari Denied Aug. 10, 1994.

Charlotte Greenfield, Reeves, Chavez, Greenfield, Acosta & Walker, P.A., Las Cruces, for petitioner-appellant.

Shane A. English, Keithly & English, Anthony, for respondent-appellee.

## OPINION

BIVINS, Judge.

This appeal arises out of a divorce action, in which Janice E. English (Wife) appeals the second of two supplemental judgments. Wife raises several issues related to the disposition of Lloyd Micheal English's (Husband) retirement plan. Husband claims the notice of appeal was not timely filed, which creates jurisdictional error and, in any event, Wife is not entitled to review because she failed to preserve error. We affirm in part and reverse and remand in part with instructions for disposition consistent with this opinion.

### BACKGROUND

The chronology of proceedings follows:

(1) On December 17, 1991, the divorce trial between Wife and Husband was concluded.

(2) On December 20, 1991, a partial judgment granting the parties a divorce was entered, with the district court reserving entry of its judgment of other issues for a supplemental judgment.

(3) On March 4, 1992, the district court entered its first supplemental judgment, which adopted Husband's proposed version.

(4) On March 20, 1992, Wife filed a motion for relief from judgment, asking the court to "set aside, amend, and/or correct the [s]upplemental [j]udgment," to allow submission of findings of fact and to hold a hearing under both NMSA 1978, Section 39–1–1 (Repl.Pamp.1991), and SCRA 1986, 1–060(B)(6) (Repl.1992). In Wife's motion, she argued Husband's proposed version of the supplemental judgment did not include the effect that certain retirement options available to him would have on Wife's community property share of Husband's retirement benefits. Wife's proposed supplemental judgment, on the other hand, included the following language: "[Wife's share in the community interest of Husband's retirement benefits] shall be calculated ... without reduction for the naming of a survivor beneficiary." In the alternative, Wife argued she should receive a share of any survivorship annuity, based on a time-rule formula. Wife also argued the district court rejected Wife's request to have an adjustment increasing the amount of her share of Husband's retirement benefits because of increases in the cost of living between the time of divorce and the time of the ultimate payout of benefits based on the Consumer Price Index (CPI), and instead only allowed for adjustments based on one-half of the increases in the CPI or four percent per year, whichever is less.

(5) On March 30, 1992, Wife filed a motion pursuant to SCRA 1986, 12–201(E) (Repl. 1992), for extension of time to file her notice of appeal.

(6) On April 1, 1992, the district court granted the motion for extension of time to file a notice of appeal. The district court also agreed to hold a hearing on the issues related to the retirement-benefits issue, previously mentioned.

(7) On April 20, 1992, Wife submitted her first requested findings of fact.

(8) On May 4, 1992, the district court heard arguments from the parties on issues in Wife's March 20, 1992, motion and received additional testimony on the retirement-benefits issue. The district court then entered an order denying Wife's request to add language regarding the retirement-benefits issue and temporarily setting aside the supplemental judgment to allow the parties time for submitting findings and conclusions.

(9) Wife then filed two sets of amended findings and conclusions on May 12 and 19, 1992. Husband filed his proposed findings and conclusions on May 19, 1992. In these submitted findings, the parties discussed the effect of Husband's right to elect among retirement plan options and Wife's request for the time-rule formula and application of the CPI. The parties additionally addressed the following two issues that were raised during the May 4, 1992, hearing: whether Wife's social security benefits could be considered as an offset for her interest in Husband's retirement benefits and whether an agreement had been made between Husband and Wife that would have waived her right to her share of Husband's retirement benefits.

(10) On April 6, 1993, almost one year later, a second supplemental judgment was entered, which adopted the original supple-

mental judgment and additionally incorporated Husband's findings of fact and conclusions of law.

(11) On April 7, 1993, Wife filed her notice of appeal from the second supplemental judgment.

*DISCUSSION*

1. *Jurisdiction*

■ We first address the issue of whether Wife timely filed her notice of appeal. Under the unique circumstances of this case, we conclude she did.

As noted above in the chronology, Wife's postjudgment motion filed on March 20, 1992, sought relief under Section 39-1-1 *and* SCRA 1-060(B)(6). Husband argues that, with respect to the Section 39-1-1 ground, because Wife's motion was deemed automatically denied by operation of law on or about April 20, 1992, the district court lost jurisdiction and, therefore, could not set aside the first supplemental judgment of March 4, 1992; thus, in order for this Court to have jurisdiction, Wife must have filed her notice of appeal on or before June 19, 1992, the date her extension pursuant to SCRA 12-201(E)(1) expired. Having failed to file within that time, Husband argues, Wife's notice of appeal was untimely.

With respect to the SCRA 1-060(B)(6) ground in Wife's postjudgment motion, Husband concedes that the district court had a longer period within which to rule on that motion than the thirty-day limitation prescribed under Section 39-1-1. Notwithstanding, Husband argues that Wife did not advance a proper SCRA 1-060(B)(6) ground, and, therefore, the district court properly denied Wife's SCRA 1-060(B)(6) motion by its order of May 4, 1992. Husband then argues that Wife's only recourse was to appeal from the denial of her motion for relief under SCRA 1-060(B)(6). Having failed to timely appeal from that order, Husband argues, Wife's appeal was untimely and this Court does not have jurisdiction.

The tortuous path taken to bring this case before this Court for review pushes to the outer limits our ability to accept jurisdiction. Notwithstanding, we conclude that this Court does have jurisdiction. We explain why.

Husband is correct that once the thirty-day period under Section 39-1-1 passed without a ruling on Wife's motion, the district court lost jurisdiction over the first supplemental judgment under Section 39-1-1. *See Wagner Land & Inv. Co. v. Halderman,* 83 N.M. 628, 630, 495 P.2d 1075, 1077 (1972) (where no ruling made within thirty days after motion for relief from judgment, motion denied by operation of law and district court without jurisdiction thereafter to permit filing of requested findings and conclusions); *National Am. Life Ins. Co. v. Baxter,* 73 N.M. 94, 99-100, 385 P.2d 956, 959-60 (1963) (district court lost jurisdiction to deal with motion for rehearing after it was denied by operation of law). Thus, Husband is correct that on or about April 20, 1992, thirty days after the filing of her postjudgment motion, Wife had thirty days (with an additional thirty days pursuant to her motion to extend time to file notice of appeal) in which to perfect her appeal. That period expired on or about June 19, 1992. The problem is that on May 4, 1992, prior to expiration of the extension, the district court withdrew the only judgment from which Wife could have taken an appeal. To counter that, Husband argues that the district court, having lost jurisdiction over the case, had no authority to withdraw the supplemental judgment on May 4, 1992, and, therefore, Wife should have appealed from the order of May 4, 1992. While Husband is correct that the court lost jurisdiction under Section 39-1-1, it nevertheless still had jurisdiction over the supplemental judgment under SCRA 1-060(B).

With *continuing jurisdiction under SCRA 1-060(B),* the district court withdrew the judgment while at the same time denying Wife's motion. We construe the order of May 4, 1992, as (1) setting aside the earlier judgment, (2) indicating that the court would deny Wife's motion, but (3) giving the parties time to submit proposed findings and conclusions before entering a new judgment. Although we agree with Husband that Wife's SCRA 1-060(B)(6) motion did not provide exceptional circumstances, and therefore was properly denied, *see Wehrle v. Robison,* 92 N.M. 485, 487, 590 P.2d 633, 635 (1979); *Mendoza v. Mendoza,* 103 N.M. 327, 331-32,

174

706 P.2d 869, 873–74 (Ct.App.1985), nevertheless, we conclude the district court had jurisdiction under SCRA 1–060(B) to set aside its earlier supplemental judgment. The court subsequently entered a second supplemental judgment on April 6, 1993. Wife's notice of appeal timely filed after the entry of that judgment was timely and sufficient to give this Court jurisdiction.

In reaching this conclusion, we have not overlooked the cases Husband relies on for the proposition that a motion for relief from judgment under SCRA 1–060(B) is not intended to extend the time for taking an appeal and cannot be used as a substitute for an appeal. *See, e.g., Gedeon v. Gedeon,* 96 N.M. 315, 317, 630 P.2d 267, 269 (1981). In *Gedeon,* the appellant never appealed from a stipulated order granting custody to his former wife, or from several other orders, and waited until the time for appeal from that order had passed before bringing his SCRA 1–060(B) motion challenging the orders. *Id.* Unlike that situation, Wife, in the case before us, was obviously attempting to put herself in a position where she could appeal the original supplemental judgment and was not relying solely on the SCRA 1–060(B) motion to attempt to extend the time for filing an appeal. Wife did this by filing the postjudgment motion under Section 39–1–1, which extended the time within which to appeal, and she also obtained an extension of time to appeal. Wife was well within her time to appeal from the original supplemental judgment at the time the district court withdrew that judgment, thus depriving her of a judgment from which she could appeal.

To adopt Husband's argument would mean that Wife would have had to appeal the automatic denial by operation of law of her Section 39–1–1 motion when there was no final judgment. *See* NMSA 1978, § 39–3–2 (Repl. Pamp.1991); *Principal Mut. Life Ins. Co. v. Straus,* 116 N.M. 412, 863 P.2d 447 (1993) (requiring final judgment from which to appeal). Wife correctly argues that her appeal would have been premature had she appealed without a judgment in place.

The practical nontechnical approach we take is, we believe, consistent with recent Supreme Court pronouncements. *See, e.g.,*

*Trujillo v. Serrano,* 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (appeal may be entertained by appellate court if actual untimeliness due to court error); *Govich v. North Am. Sys., Inc.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (right of appeal facilitated by liberally construing technical deficiencies in notice which otherwise satisfies time and place requirements); *Marquez v. Gomez,* 111 N.M. 14, 15, 801 P.2d 84, 85 (1990) (held docketing statement substantially complied with and substituted for notice of appeal); *but see Lowe v. Bloom,* 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (failure to file notice of appeal with appropriate court created jurisdictional defect).

Accordingly, we accept jurisdiction and hold that Wife's appeal was timely.

2. *Preservation*

■ Husband argues that Wife's claimed errors cannot be reviewed because she failed to timely request findings of fact and conclusions of law. Timely requested findings and conclusions must be tendered or a general request therefor made or the party waives them. SCRA 1986, 1–052(B)(1)(f), (B)(1)(h), (B)(2) (Repl.1992); *Cockrell v. Cockrell,* 117 N.M. 321, 322, 871 P.2d 977, 978 (1994). However, Husband's argument focuses on the first supplemental judgment. Because Wife's request for findings and conclusions was not filed until April 20, 1992, forty-seven days after the first supplemental judgment was entered, her request in relation to the judgment was indeed untimely. However, that judgment was withdrawn, and therefore the status of the case was as though the judgment had never been entered. *See Nichols v. Nichols,* 98 N.M. 322, 326, 648 P.2d 780, 784 (1982). We have already concluded that the district court had jurisdiction to withdraw that judgment. The judgment from which Wife appealed is therefore the second supplemental judgment. Husband does not contend that Wife's request for findings and conclusions was untimely in relation to the second supplemental judgment. Thus, we conclude that Wife adequately preserved all of her issues on appeal.

We also note that although Wife in her motion for relief from judgment raised other

issues, those issues are not argued on appeal and are therefore deemed abandoned. *See State v. Fish*, 102 N.M. 775, 777, 701 P.2d 374, 376 (Ct.App.), *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985).

### 3. Merits

On appeal, Wife raises the following issues: (1) the district court failed to include language in the second supplemental judgment limiting the effect on Wife of Husband's selection of options under his retirement plans; (2) it was error for the district court to consider Wife's social security benefits; (3) there was not substantial evidence to support the district court's conclusion that an agreement concerning the retirement plans existed, and it was error to find such an agreement waived Wife's rights; and (4) the court erred in its application of the CPI and its failure to apply the time-rule formula to actual benefits when received.

### a. The Effect of Husband's Choice Between Payment Options Under His Retirement Plans

■ On the payment-option issue, we reverse and remand with instructions for disposition consistent with this opinion. Under Husband's retirement plans, Husband has several choices at retirement; for example, he can select a full lifetime annuity option, or he can select a survivor beneficiary with Husband receiving a reduced lifetime annuity. Wife argues, however, that if Husband were to choose a payment plan with survivor beneficiaries, Wife's interest in the normal lifetime benefits of the plan would be reduced. No mention is made in either of the supplemental judgments of the effect Husband's choices under his retirement plans have on Wife's interest.

Wife does not seek to interfere with Husband's right to elect among several retirement plan options; however, Wife does argue that she does not want her valid interest in Husband's retirement plans to be affected by the choices that Husband makes. What Wife requested the district court do, therefore, was to add a provision to the second supplemental judgment guaranteeing that her interest will not be reduced by Husband's choices.

*In re Marriage of Gillmore*, 29 Cal.3d 418, 174 Cal.Rptr. 493, 629 P.2d 1 (1981), is a case that was cited with approval by this Court in *Mattox v. Mattox*, 105 N.M. 479, 484, 734 P.2d 259, 264 (Ct.App.1987). One primary issue in *In re Marriage of Gillmore* was whether the employee spouse retained the right to elect among the benefit options in the employee's plan. The California Supreme Court ruled that the employee spouse retains the right to elect among options, but the right is limited by the interest the non-employee spouse has in the normal benefits of the plan. *Id.* 174 Cal.Rptr. at 497, 629 P.2d at 5. That Court concluded that the employee spouse, the husband in that case, could elect the plan he wanted; however, "[i]f the right to choose among alternative retirement plans is exercised in a way which impairs the nonemployee's interest in the benefits, the nonemployee spouse must be compensated." *Id.* at 498, 629 P.2d at 5–6.

That result appears to also be the proper result in the case before us. Wife specifically requests that the following language be added: "[Wife's share in the community interest of Husband's retirement benefits] shall be calculated ... without reduction for the naming of a survivor beneficiary." We determine that or similar language is appropriate and should be added to the second supplemental judgment because it properly maintains Wife's right to her full interest in Husband's retirement plans while at the same time respects Husband's right to choose among different annuity options under his retirement plans. We, therefore, reverse the district court on this issue and remand with instructions for the district court to include in the supplemental judgment the language mentioned above.

■ Wife also challenges two alternative grounds stated by the district court for deciding Wife was not entitled to her full community property share in Husband's retirement plans. Wife correctly argues it was error for the court to consider her social security benefits as an offset to any retirement benefits paid to Wife. Social security benefits are considered separate property

and cannot be used to set off an equal distribution of community property upon divorce. *See Olson v. Olson*, 445 N.W.2d 1, 11 (N.D. 1989). Thus, Wife's social security benefits could not justify the district court's permitting Husband to reduce Wife's benefits from his retirement plan by selecting a survivor beneficiary.

█ Wife also raises two issues regarding an alleged agreement between Husband and Wife in which Husband's children from a prior marriage would be designated the survivor beneficiaries of Husband's retirement plans and in exchange Wife's children would be designated beneficiaries of a life insurance policy taken out during the marriage, which Husband argues then waived Wife's right to her full community property share of Husband's retirement benefits. Wife argues there is not substantial evidence to support the finding that such an agreement existed and additionally it was error for the court to allow the agreement to act as a waiver of Wife's right to her full community property share of Husband's retirement benefits. Because we determine there is not substantial evidence to uphold the finding that there was an agreement, we do not reach the issue concerning waiver.

We are required to review the evidence in the light most favorable to the finding favoring Husband, *see Lauderdale v. Hydro Conduit Corp.*, 89 N.M. 579, 583, 555 P.2d 700, 704 (Ct.App.1976); however, here, the only evidence brought to the attention of this Court suggests there was no agreement. In Wife's brief-in-chief, Wife points to evidence that indicates no agreement existed. For example, Wife testified that she thought she was actually the named beneficiary under the retirement plans. Additionally, although Husband testified that he and Wife had "discussed" the designation of his children as pension beneficiaries, he presented no evidence that Wife agreed to this arrangement. He also did not offer any evidence that Wife had agreed to his designating his children as survivor annuitants upon his retirement. Husband does not offer any evidence to refute Wife's argument that no agreement existed. In fact, in Husband's answer brief, he neglects to respond to any of the merits of

the issues raised on appeal. Because the appellate courts are not required to search the record to determine if there is evidence that supports a specific finding, *Martinez v. Southwest Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct.App.1993), we determine the facts Wife puts forward on appeal are uncontested. Therefore, even looking at the findings in the light most favorable to Husband, without evidence that would support the finding that an agreement existed, we conclude that there was not substantial evidence to support that finding. Thus, the alleged agreement could not justify the district court's permitting Husband to reduce Wife's benefits from his retirement plan by selecting a survivor beneficiary.

### b. *Application of CPI and Time-rule to Calculation of Wife's Benefits*

█ Regarding the CPI issue, Wife argues that the district court should have adjusted her share of Husband's retirement benefits based on the full amount of the increases in the CPI rather than on a one-half adjustment as the district court did. We determine that an adjustment of one-half of the cost of living increases, however, was not an abuse of discretion by the district court, especially in light of testimony indicating that salary increases at Husband's place of employment were actually not keeping up with increases in the CPI. *See State v. Hargrove*, 81 N.M. 145, 147, 464 P.2d 564, 566 (Ct.App.1970) (definition of abuse of discretion).

█ We also conclude it was not an abuse of discretion for the district court to reject Wife's proposed formula for calculation of her benefits. Wife would have the court adopt the time-rule formula for calculating her community property interest in Husband's normal retirement benefits on a pay-as-it-comes-in basis. The time-rule calculation first takes the number of months that Husband was participating in the plan during marriage and divides that number by the number of total months of employment during which Husband was covered under the plan. The result of that calculation is then multiplied by the total amount of retirement benefits and then that number is divided by two.

Our Supreme Court, however, recently affirmed that there is no set rule for determining the division of community property. *Ruggles v. Ruggles,* 116 N.M. 52, 58, 860 P.2d 182, 188 (1993). Thus, under the facts of this case, we are not persuaded that the district court abused its discretion by determining the present value of the pension benefits and providing for an adjustment based on one-half of the CPI. We consequently affirm on these issues.

*CONCLUSION*

We conclude that Wife's appeal was timely filed and her issues are therefore properly before this Court for review. We affirm the district court's award of an annual adjustment of the lesser of one-half of the cost of living increases according to the CPI or four percent of Wife's percentage of Husband's retirement benefits. We disagree, however, with the district court's treatment of the issue involving Husband's options under his retirement plans and therefore remand to the district court to insert in the order language similar to: "Wife's share in the community interest of Husband's retirement benefits shall be calculated without reduction for the naming of a survivor beneficiary." Wife's costs on appeal are assessed against Husband.

**IT IS SO ORDERED.**

APODACA and HARTZ, JJ., concur.