Gary STANLEY, Respondent
Below, Appellant,

v.

Ellen G. STANLEY, Petitioner
Below, Appellee.

No. 260, 2007.

Supreme Court of Delaware.

Submitted: May 7, 2008.
Decided: Aug. 4, 2008.

Megan Rush Walstrom, Esquire, Rahaim & Saints, Newark, DE, for Appellant.

Christine K. Demsey, Esquire, Wilmington, DE, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

This appeal challenges a Family Court decision modifying the parties' stipulated property division order. Wife sought the modification after Husband obtained Social Security disability benefits, because those benefits decreased the amount Wife received pursuant to the original order. We conclude that the trial court properly considered the parties' changed circumstances in deciding to reopen and revise the property division order. But the trial court erred in ordering Husband to pay Wife a portion of his Social Security disability benefits. Under federal law, those benefits may not be transferred or assigned to a former spouse in a property settlement. As a result, Husband's payment to Wife must come from a different source, to be determined on remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The Stanleys were married in 1969 and divorced in 2001. Husband worked for General Motors ("GM") throughout the marriage, but he suffered from several serious medical conditions and retired shortly before the divorce. On retirement, Husband began receiving a GM pension of $2,682 per month. In May 2002, the parties entered into a Stipulation and Order that divided their marital assets in full

settlement of any claims to property, alimony or maintenance. Although the order described the pension distribution as a percentage (50%), both parties were aware of, and based their negotiations on, the $1,341 dollar amount that Wife would receive.

In 2003, after Husband suffered a stroke, he applied for Social Security disability ("SSDI") benefits. In 2005, he was awarded $1,808 in monthly payments and a lump sum of $62,526 for benefits retroactive to May 2001. Wife did not know that Husband was applying for SSDI. She also did not know that Husband's GM pension payments would be reduced because of his receipt of SSDI benefits. Following Husband's award of SSDI benefits, the parties' shared GM pension benefits were reduced to $735 per month, and both parties were required to repay GM $24,700. These changes improved Husband's financial condition. His monthly benefits increased from $1,341 to $2,543 ($735 from the GM pension and $1,808 from SSDI), and he retained a lump sum of $34,692 (after repayment of his share of the GM pension recoupment). By contrast, Wife's financial position deteriorated significantly. Her monthly benefits decreased from $1,341 to $367 ($735 less $368 per month to repay her share of the GM pension recoupment).

In June 2006, Wife filed a Motion for a Rule to Show Cause, seeking enforcement of the stipulated order. A few months later, she also filed a Motion Pursuant to Family Court Rule 60(b), seeking relief from the stipulated order. The Family Court considered both applications together, and granted relief under Rule 60(b). Specifically, the Family Court ordered that Husband's entire GM pension be paid to Wife and that Husband reimburse Wife the $24,270 that she owes GM. Because Husband retained approximately $12,000 of the original SSDI lump sum award, the

trial court ordered Husband to pay that amount to Wife. In addition, the court ordered Husband to pay Wife $200 per month until the remaining $12,270 is repaid. This appeal followed.

## DISCUSSION

 Husband argues that the parties' stipulated property division order is a contract, and that the trial court abused its discretion by rewriting that contract to adjust for changed circumstances. The Family Court is authorized to modify a property division order for "any other reason justifying relief," as that standard has been developed under Superior Court Rule 60(b)(6).[1] A party seeking modification must satisfy an "extraordinary situation or circumstances" test, which requires more than a mere change of position:

> A judgment which seeks finally to resolve the terms of a previous relationship should not be revisited simply because there is a post-judgment change in circumstances.... Where property rights have vested as a result of the judgment, even though when measured by subsequent events the terms of the judgment may seem to work a disparity, those rights should not be disturbed.[2]

Relief is justified, however, where one party's conduct "frustrated or vitiated the underlying basis for the settlement."[3]

Applying these principles, we conclude that the trial court acted within its discretion in granting relief under Rule 60(b). After the parties had agreed to a property division, Husband decided to improve his financial position by seeking SSDI bene-fits. He obtained both a monthly payment that exceeded his share of the prior GM pension, and a significant lump sum payment. By obtaining SSDI benefits, however, Husband drastically reduced Wife's monthly payment under the GM pension and saddled her with a significant debt to GM. In short, Husband helped himself at Wife's expense, and by so doing, he vitiated the parties' property division agreement. The Family Court, therefore, acted properly in restoring the parties' original property division.[4]

 Although we approve the decision to modify the stipulated order, one aspect of the trial court's order must be revised. Federal law prohibits the direct division of Social Security benefits:

> Under 42 U.S.C. § 407, Social Security benefits are not "transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under [the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Although 42 U.S.C. § 659 permits garnishment for enforcement of alimony and child support obligations, it categorically excludes "any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." As the United States Supreme Court held in *Flemming v.*

---

1. *Campbell v. Campbell*, 522 A.2d 1253, 1254 (Del.1987).

2. *Id.* at 1255.

3. *Jewell v. Division of Social Services*, 401 A.2d 88, 91 (Del.1979).

4. Husband complains that the Family Court did not consider his financial needs when it adjusted the payments to restore Wife's monthly income. We find no merit to this argument, as Husband's reduced income still exceeds the amount he was receiving under the original, stipulated order.

*Nestor*, "[t]o engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to everchanging conditions which it demands." Therefore, under federal law, Social Security benefits are not marital assets and cannot be divided upon the dissolution of the Social Security beneficiary's marriage.[5]

The federal prohibition against the direct division of Social Security benefits has generated a related question; namely, whether federal law prohibits a court from considering Social Security benefits in arriving at an equitable division of the parties' other assets. There is no controlling federal authority on this question.[6] In *Hisquierdo v. Hisquierdo*,[7] the United States Supreme Court held that Railroad Retirement Act benefits, which are analogous to Social Security benefits, may not offset the award of marital property to the other spouse in a community property state. But we do not read Hisquierdo to bar consideration of Social Security benefits in jurisdictions like ours, where the Family Court is charged with dividing the marital property equitably. We adopt the reasoning in *Johnson v. Johnson*[8]:

> Most courts ... disallow an offset but allow a general consideration of a party's anticipated social security benefits in the overall scheme when making a property division. These courts generally reason: 'While the anti-reassignment clause of the Social Security Act precludes a trial court from directly dividing social security income in a divorce action, a trial court may still properly consider a spouse's social security income within the more elastic parameters of the court's power to formulate a just and equitable division of the parties' marital property.'

> \* \* \*

■ Therefore, these courts conclude that "while a trial court may not distribute marital property to offset the computed value of Social Security benefits, it may premise an unequal distribution of property—using, for example, a 60–40 formula instead of 50–50—on the fact

---

5. *Forrester v. Forrester*, 953 A.2d 175, 2008 WL 2699644 (Del.2008) (Citations omitted.).

6. States are divided on this issue. At least twelve states have found that social security benefits may be considered as part of a trial court's fashioning of an equitable distribution of marital property. *See In re Marriage of Morehouse*, 121 P.3d 264, 267 (Colo.Ct.App. 2005); *In re Marriage of Boyer*, 538 N.W.2d 293, 293–94, 296 (Iowa 1995); *In re Marriage of Brane*, 21 Kan.App.2d 778, 908 P.2d 625, 626, 628 (1995); *Pongonis v. Pongonis*, 606 A.2d 1055, 1058 (Me.1992); *Depot v. Depot*, 893 A.2d 995, 998 (Me.2006); *Pleasant v. Pleasant*, 97 Md.App. 711, 632 A.2d 202, 206, 207 n. 3 (1993); *Mahoney v. Mahoney*, 425 Mass. 441, 681 N.E.2d 852, 856 (1997); *Rudden v. Rudden*, 765 S.W.2d 719, 720 (Mo.Ct. App.1989); *Dinges v. Dinges*, 16 Neb.App. 275, 743 N.W.2d 662, 671 (2008); *Neville v. Neville*, 99 Ohio St.3d 275, 791 N.E.2d 434, 437 (2003); *Johnson v. Johnson*, 734 N.W.2d 801, 808 (S.D.2007); *Olsen v. Olsen*, 169 P.3d 765, 772 (Utah Ct.App.2007); *In re Marriage of Zahm*, 138 Wash.2d 213, 978 P.2d 498, 502 (1999). At least eight states have concluded that they cannot be considered. *See Johnson v. Johnson*, 726 So.2d 393, 396 (Fla.Dist.Ct. App.1999); *In re Marriage of Crook*, 211 Ill.2d 437, 286 Ill.Dec. 141, 813 N.E.2d 198, 204 (2004); *In re Marriage of Berthiaume*, 1991 WL 90839 (Minn.Ct.App.); *English v. English*, 118 N.M. 170, 879 P.2d 802, 808 (Ct.App. 1994); *Wolff v. Wolff*, 112 Nev. 1355, 929 P.2d 916, 921 (1996); *Olson v. Olson*, 445 N.W.2d 1, 11 (N.D.1989); *In re Marriage of Swan*, 301 Or. 167, 720 P.2d 747, 752 (1986); *Reymann v. Reymann*, 919 S.W.2d 615, 617 (Tenn.Ct.App.1995); *Mack v. Mack*, 108 Wis.2d 604, 323 N.W.2d 153, 157 (1982).

7. 439 U.S. 572, 588, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).

8. 734 N.W.2d 801, 808 (S.D.2007) (Citations omitted.).

that one party is more likely to enjoy a secure retirement."

We agree with the majority approach that social security benefits may be considered as a factor, among others, when dividing marital property. This adheres to the federal restrictions, for it is not a direct division of [Husband's] social security.[9]

The Family Court properly considered Husband's SSDI benefits when it decided that an equitable division of the parties' marital property required that the property division order be modified. By ordering Husband to pay Wife $12,000 of his SSDI lump sum benefit, however, the trial court directly divided a Social Security benefit. In that respect, the trial court's order violated federal law and must be corrected. On remand, the Family Court shall revise its order to provide for payment from any other source the court deems appropriate.

## CONCLUSION

Based on the foregoing, the Family Court judgment is affirmed in part and reversed in part. This matter is remanded to the Family Court for further action in accordance with this decision. Jurisdiction is not retained.

---

9. *See: Forrester v. Forrester,* 2008 WL 2699644 at *5 ("Moreover, even though federal law preempts the *direct division* of Social Security proceeds, it does not preempt the Family Court from *considering* the existence and the amount of Social Security benefits in the course of an equitable property division, even where that consideration might lead the Family Court to alter its division of the marital estate.")