This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BAC HOME LOANS SERVICING LP,**
**f/k/a Country Home Loans Servicing LP,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,250**

**SALETAI P. TOLOUMU; KIMBERLY**
**R. TOLOUMU; JOHN DOE and**
**JANE DOE, (true names unknown), tenants,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

Gleason Law Firm, LLC
Deirdre Gleason
Santa Fe, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Appellant Gregory Hutchins appeals from a district court denying his motion to intervene for purposes of setting aside a foreclosure judgment. We issued a calendar notice proposing to affirm. Plaintiff BAC Home Loans Servicing LP filed a memorandum in support. [Ct. App. file at green tab] Appellant has filed a memorandum in opposition. We affirm.

{2}     Plaintiff filed a complaint for foreclosure in October 2009. [RP 1] A default judgment was entered in September 2011. [RP 60] In July 2012, Appellant's attorney entered an appearance on behalf of homeowners (Defendants Toloumu) and Appellant, asserting that Appellant was now a real party in interest because he had purchased the property, and therefore he could stand in the shoes of Defendants Toloumu for purposes of these proceedings. [RP 77] Appellant filed a joint motion with Defendants Toloumu to set aside the default judgment, alleging that Plaintiff lacked standing to bring the underlying action. [RP 79] The motion was denied in January 2013 and constituted a final order for purposes of filing a notice of appeal. *Cf. Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that a foreclosure decree is final for purposes of appealing from the declaration of the parties' rights to the property). Defendants did not appeal. Instead, in August 2014,

2

Appellant filed a motion to intervene so that he could again challenge the foreclosure judgment on the basis of standing. [RP 191, 194]

{3}     As we stated in our calendar notice, Appellant should have appealed from the district court's January 2013 order denying the motion to set aside the default judgment. Appellant argues that he had never been expressly allowed to intervene in to the case. However, the district court never expressly denied Appellant's attempt to intervene into the case by standing in shoes of the original homeowners. As such, we believe that Appellant was informally allowed to intervene, and Appellant was required to appeal the rejection of the standing argument at that time. *Cf. New Mexico Selling Corp. v. Crescendo Corp.*, 1964-NMSC-180, ¶¶ 2-7, 74 N.M. 409, 394 P.2d 260 (observing a de facto intervention into civil proceedings even though the formalities of intervention were not followed). Because the standing issue has already been litigated in this case, in that it was rejected by the denial of the motion to set aside the judgment, the earlier ruling, Appellant should have appealed that earlier ruling, and may not now use Rule 1-060(B) NMRA as a substitute. *Gedeon v. Gedeon*, 1981-NMSC-065, ¶ 17, 96 N.M. 315, 630 P.2d 267 (stating that "[i]t is well established that a motion for relief from a judgment or order under Rule 60(b) is not intended to extend the time for taking an appeal and cannot be used as a substitute for an appeal.").

{4} To the extent that we would accept Appellant's argument that the district court denied his motion to intervene in the earlier proceedings, Appellant should have appealed and challenged that ruling, and, as part of that appeal, could have challenged the merits of the standing issue. Because Appellant did not do so, we believe that the district court properly denied his attempt to relitigate the issues at this time.

{5} For the reasons set forth above, we affirm.

{6} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**